# PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
STEPHEN J. MACRI
MARY ELLEN DONNELLY
JOSEPH B. CARTAFALSA
GEOFFREY H. WARD
ANDREA HYDE
E. PARKER NEAVE
MARK A. HERNANDEZ
JAMES M. STRAUSS
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
CARYN B. KEPPLER
ROBERT M. TUCKER

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

740 BROAD STREET, SUITE 2
SHREWSBURY, NEW JERSEY 07702
(732) 379-6020
TELEFAX: (732) 345-9444

1225 FRANKLIN AVENUE, SUITE 200
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

2000 GLADES ROAD
SUITE 300
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100

COUNSEL
CHARLES J. GROPPE
ALEXANDER NEAVE
THOMAS M. LAMBERTI
HARVEY I. SCHNEIDER

August 2, 2017

Via ECF
Hon. Joseph F. Bianco
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722-9014

Re: **Leroy Jones v. South Nassau Communities Hospital**
**E.D.N.Y. 17-CV-3369 (JFB) (GRB)**

Dear Judge Bianco:

This firm represents Defendant, South Nassau Communities Hospital (the "Hospital") in the above-referenced matter. In accordance with Your Honor's Individual Practice Rules, we write to request a pre-motion conference to obtain permission to file a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint in its entirety.

Plaintiff alleges that the Hospital discriminated against him based on his gender and race, by subjecting him to a hostile work environment and terminating his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"), and retaliating against him in violation of New York Labor Law ("NYLL") §741. Plaintiff's claims are without merit and must fail as a matter of law.

Factual Background

On July 11, 2016, Plaintiff commenced employment with the Hospital as a full time Nurse Aide ("NA") in the Hospital's Nursing Float Department. Plaintiff had no prior experience working in a hospital. As a Float NA, Plaintiff was not assigned to any particular unit, but would float to different units as needed. Plaintiff's employment with the Hospital was terminated on July 27, 2016, a mere two weeks after he commenced employment. During Plaintiff's brief tenure at the Hospital, Plaintiff repeatedly acted unprofessionally towards both coworkers and patients and refused to perform his assigned tasks. As a result of Plaintiff's inability or refusal to perform the responsibilities of his position, the Hospital terminated Plaintiff's employment on July 27, 2016. Neither Plaintiff's race or gender, nor any alleged protected activity he claims to have engaged in played any role in the Hospital's decision to terminate his employment.

The Complaint Does Not Contain Cognizable Hostile Work Environment Claims.

Plaintiff has failed to plead the existence of a hostile work environment based on either his race or gender in violation of Title VII or the NYSHRL. To defeat a motion to dismiss, a plaintiff must plead facts that plausibly suggests that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000). This analysis considers the "[i] the frequency of the discriminatory conduct; [ii] its severity; [iii] whether it is threatening and humiliating, or a mere offensive utterance; and [iv] whether it unreasonably interferes with an employee's work performance." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 452 (S.D.N.Y. 2016).

Nothing in the Complaint suggests any discriminatory conduct based on gender or race. Plaintiff asserts a single comment allegedly made by a Nurse Manager to an unidentified Hospital employee which referred to Plaintiff in a derogatory manner. A single remark, even one including a racially derogatory term, is insufficient to establish the requisite frequency or severity for a hostile work environment claim. Boakye-Yiadom v. Laria, 2012 WL 5866186, at *10 (E.D.N.Y. Nov. 19, 2012). Further, because Plaintiff admits that he did not witness the alleged comment nor learn of it until after the termination of his employment, Plaintiff cannot demonstrate that such comment interfered with his performance of his job responsibilities. Fox v. Nat'l R.R. Passenger Corp., 2009 WL 425806, at *6 (N.D.N.Y. Feb. 19, 2009) (comments that plaintiff did not witness and occurred after his termination did not affect his working environment). Accordingly, Plaintiff's hostile work environment claims must be dismissed.

The Complaint Does Not Contain Cognizable Claims of Discrimination.

Plaintiff has failed to plead that his termination was based on his race or gender in violation of Title VII or the NYSHRL. In order to defeat a motion to dismiss Plaintiff must allege facts that plausibly suggest that: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse action, and (4) his race or gender was a motivating factor behind the adverse action. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). Dismissal is appropriate when a complaint fails to plead any facts that would create an inference that an adverse action was based upon a protected characteristic. Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007).

Plaintiff's Complaint is devoid of any allegation which demonstrates that the Hospital's termination of Plaintiff's employment was motivated by Plaintiff's race or gender. To determine whether a remark demonstrates discriminatory intent or is merely a stray remark, courts weigh the following factors: (1) who made the remark (a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (whether it was related to the decision-making process). Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010). Plaintiff's Complaint alleges a single remark made by a Nurse Manager who was not Plaintiff's supervisor. Plaintiff worked with the Nurse Manager in question for a matter of hours. The Nurse Manager played no role in the Hospital's decision to terminate Plaintiff's employment. Comments unconnected to

the adverse action cannot be probative of discriminatory intent. Batiste v. City Univ. of New York, 2017 WL 2912525, at *8 (S.D.N.Y. July 7, 2017)(comments made by non-decision-makers are stray remarks and not probative of discriminatory intent). Accordingly, Plaintiff's discrimination claims must be dismissed.

The Complaint Does Not Contain A Cognizable Claim of Retaliation.

Plaintiff's retaliation claim under NYLL §741 must be dismissed as well. To defeat a motion to dismiss, Plaintiff must allege facts that plausibly suggest that: (1) he participated in protected activity, (2) he suffered an adverse action, and (3) there was a causal connection between the protected activity and the adverse action. Dougherty v. Mem'l. Sloan-Kettering Cancer Ctr., 2002 WL 1610916 (S.D.N.Y. July 22, 2002). Plaintiff's duties as a Nurse Aide are insufficient to bring him within the scope of Section 741. Reddington v. Staten Is. Univ. Hosp., 11 N.Y.3d 80, 862 N.Y.S.2d 842 (2008). As a Nurse Aide, Plaintiff possessed only a high school diploma and certification. Such technical qualifications are insufficient to render Plaintiff capable of making knowledgeable judgments as to the quality of patient care. Id. Accordingly, Plaintiff is not entitled to the protections of NYLL§741. Further, nothing in the Complaint suggests any connection between any alleged protected activity and the termination of his employment. Therefore, Plaintiff's Section 741 claim must be dismissed as a matter of law.

For the reasons set forth herein, the Hospital respectfully requests that Your Honor grant its request for a pre-motion conference to move to dismiss the Complaint in its entirety.

                                          Respectfully submitted,

                                          /s/ MED
                                          Mary Ellen Donnelly